IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

_____
                                )
DEBORAH ANN HOKULANI JOSHUA,     )
                                )
              Plaintiff,         )
                                )
v.                              ) Civ. No. 15-00311 ACK-BMK
                                )
MOBI PCS, MARK MONTGOMERY, JULI )
PRICE, and BILL JARVIS          )
                                )
              Defendants.        )
_____)

**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c), DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING
DEFENDANTS' COUNTER MOTION FOR SUMMARY JUDGMENT**

For the reasons set forth below, the Court DENIES

Plaintiff's Motion for Judgment on the Pleadings Pursuant to

Federal Rule of Civil Procedure 12(c), ECF No. 13, DENIES

Plaintiff's Motion for Summary Judgment, ECF No. 12, and GRANTS

Defendants' Counter Motion for Summary Judgment, ECF No. 19.

**PROCEDURAL BACKGROUND**

On August 7, 2015, Plaintiff Deborah Ann Hokulani

Joshua ("Joshua" or "Plaintiff") filed a Civil Rights Complaint

pursuant to 42 U.S.C. § 1983 against Defendants Mobi PCS[1], Mark

_____
[1] Defendants note that non-party Coral Wireless, LLC does
business as "Mobi PCS," and that no entity is capable of being
sued as "Mobi PCS."  Defs.' Answer to Compl. at 2 n.1, ECF No.
8; Decl. of Bill Jarvis ¶ 3, ECF No. 20-2.
    The Federal Rules of Civil Procedure recognize a
plaintiff's right to amend its pleadings and, specifically, to
amend a pleading in order to correctly name a party against whom

- 1 -

Montgomery, Juli Price, and Bill Jarvis (collectively,

"Defendants").  42 U.S.C. § 1983 Civil Rights Compl.

("Complaint"), ECF No. 1.  In her Complaint, Joshua alleges

violations by Defendants of both federal and state laws as a

result of Defendants' interception of emails and text messages

without a warrant or Joshua's consent.  Id. at 1.  Defendants

filed an Answer to the Complaint on August 25, 2015.  Defs.'

Answer to Compl. Filed on Aug. 7, 2015 ("Answer"), ECF No. 8.

On October 29, 2015, Joshua filed a Motion for Summary

Judgment as to her claims of violation of her civil rights under

the First, Fourth, Fifth, Ninth, and Fourteenth Amendments of

the United States Constitution.[2]  Pl.'s Mot. for Summ. J. ("Pl.'s

---

a claim is asserted.  See Fed. R. Civ. P. 15(c).  While this
Court would normally grant Joshua leave to file an Amended
Complaint properly naming Coral Wireless, LLC as a defendant in
this action, given the Court's decision to grant summary
judgment to Defendants on the instant § 1983 claim, the Court
notes that this would be a moot exercise.  Instead, the Court
will construe Joshua's naming "Mobi PCS" as a defendant as if
she had properly named Coral Wireless, LLC as a defendant, and
will treat Defendants' pleading, memoranda, and motion as though
they were brought on behalf of Coral Wireless, LLC.  See Draper
v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986) (treating pro se
plaintiff with "great leniency" in evaluating his adherence to
the technical rules of civil procedure).

[2] The Court notes that in filing her Motion for Summary Judgment,
Joshua violated the Local Rules by failing to include "a
separate concise statement detailing each material fact as to
which the moving party contends that there are no genuine issues
to be tried that are essential for the court's determination of
the summary judgment motion."  Local Rule 56.1(a).  Joshua
has further violated the Local Rules by attaching her supporting
exhibits to her motion, rather than to a separate concise

MSJ") at 1, ECF No. 12.  That same day, Joshua also filed a
Motion for Judgment on the Pleadings, claiming that Defendants
had violated her civil rights by intercepting her emails and
text messages without her consent or a warrant.  Pl.'s Mot. for
J. on the Pleadings Pursuant to Fed. R. Civ. P. 12 (c) ("Pl.'s
12(c) Motion") at 1, 3, ECF No. 13.

On January 7, 2016, Defendants filed an Opposition to
Plaintiff's Motion for Judgment on the Pleadings, claiming that
Joshua had failed to establish any material facts indicating
that Defendants should be held liable under a § 1983 claim.
Defs.' Mem. in Opp. to Pl.'s 12(c) Mot. Filed on Oct. 20 [sic],
2015 ("Defs.' Opp.") at 2, ECF No. 18.  That same day,
Defendants also filed a Counter Motion for Summary Judgment, ECF
No. 19, a Memorandum in Opposition to Plaintiff's Motion for
Summary Judgment and in Support of Defendants' Counter Motion
("Defs.' MSJ"), ECF No. 19-1, and a Concise Statement of Facts
in support thereof ("Defs.' CSF"), ECF No. 20.  Again,
Defendants argued that the Court should deny Joshua's Motion for
Summary Judgment, given her alleged failure to properly state a
§ 1983 claim.  Defs.' MSJ at 2.  For the same reason, Defendants

---

statement of facts.  <u>See</u> Local Rule 56.1(h).  Because Joshua is
proceeding pro se, the Court will nevertheless consider her
motion.  The Court cautions Joshua, however, that further
filings in violation of the Local Rules will not be permitted.

claimed that summary judgment in favor of Defendants was proper.
Id. at 2, 18.

Joshua did not file an Opposition to Defendants'
Counter Motion for Summary Judgment, nor did she file a Reply in
support of her Motion for Judgment on the Pleadings or her
Motion for Summary Judgment.

The Court held a hearing regarding the instant motions
and the motions in a related case on February 22, 2016.[3]

## FACTUAL BACKGROUND

This case involves the issuance by the Hawaii
Department of Commerce and Consumer Affairs Office of Consumer
Protection ("OCP") of subpoenas to Coral Wireless, LCC
("Coral"), requesting the phone records and subscriber
information of a cell phone belonging to Joshua.  Id. at 3.
Between May and October 2014, the OCP issued to Coral four
subpoenas seeking all phone records for the cell phone for the
period from January 1, 2013 through May 29, 2014, and from
September 1, 2014 through October 8, 2014.  Decl. of Mark
Montgomery ¶¶ 3-7, ECF No. 20-3.  A fifth subpoena requested
subscriber information for the cell phone.  Id. ¶ 8.

---

[3] A lawsuit involving nearly identical facts and claims as those
at issue was brought by Edmund M. Abordo against Defendants.
See Abordo v. Mobi PCS et al., Civ. No. 15-00279 ACK-BMK.  The
Court's February 22, 2016 hearing also addressed Mr. Abordo's
Motion for Judgment on the Pleadings and Motion for Summary
Judgment, as well as Defendants' Counter Motion for Summary
Judgment in that case.

The OCP used the information it obtained from Coral in a civil court proceeding against Joshua.  Complaint at 4-5.  The messages allegedly contained privileged communications between Joshua and non-party Edmund M. Abordo, who acted as her paralegal.  Pl.'s 12(c) Motion at 2.

Defendants Mark Montgomery, William Jarvis, and Juli Price are employees of Coral, which does business in Hawaii as Mobi PCS.  Defs.' CSF ¶¶ 2, 4.  During the relevant time period, Defendant Montgomery was a Senior Customer Care Technical Support Representative at Coral.  Decl. of Mark Montgomery ¶ 2. Jarvis is Coral's President and CEO, and Price is Jarvis' Executive Assistant.  Decl. of Bill Jarvis ¶ 2; Decl. of Juli Price ¶ 2, ECF No. 20-4.

Prior to May 27, 2014, when Coral was served with the initial subpoena, no Defendant had any interaction with the OCP regarding the matters encompassed by the subpoenas.  Defs.' CSF ¶ 5.  Montgomery alone responded to the subpoena requests on behalf of Coral.  Id. ¶ 6.  He interacted only with Amelia Partlow of the OCP, and only through email communications and three in-person meetings lasting less than five minutes each in order to sign written declarations regarding the subpoenas.  Id. ¶¶ 6, 11.

Neither Defendant Jarvis nor Defendant Price had any contact with anyone at the OCP regarding the subpoenas or

related matters.  Id. ¶¶ 7, 8.  Additionally, neither Jarvis nor
Price was aware of the subpoenas until after Coral had received
and responded to them.  Decl. of Bill Jarvis ¶ 5; Decl. of Juli
Price ¶¶ 3-4.  Price became aware of the subpoenas for the first
time when Plaintiff Joshua and Abordo visited Coral's offices on
or around January 9, 2015 to resolve the instant matter.  Decl.
of Juli Price ¶ 3; Complaint at 4.

## STANDARD

### I.   Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c), "[a]fter
the pleadings are closed - but early enough not to delay trial -
a party may move for judgment on the pleadings."  Judgment on
the pleadings is properly granted "when, accepting all factual
allegations in the complaint as true, there is no issue of
material fact in dispute, and the moving party is entitled to
judgment as a matter of law."  Chavez, 683 F.3d 1102, 1108 (9th
Cir. 2012) (citation and original alteration omitted).

Analysis under Rule 12(c) is substantially identical
to analysis under Rule 12(b)(6) because, under both rules, a
court must determine whether the facts alleged in the complaint,
taken as true, entitle the plaintiff to a legal remedy.  Id.
The Court must therefore assess whether the complaint
"contain[s] sufficient factual matter, accepted as true, to
'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl.
Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Harris v.
Cty. of Orange, 682 F.3d 1126, 1131 (9th Cir. 2012) (Iqbal
applies to Rule 12(c) motions because Rule 12(b)(6) and Rule
12(c) motions are functionally equivalent).

Judgment on the pleadings under Rule 12(c) is limited
to material included in the pleadings, unless the Court elects
to convert the motion into one for summary judgment. Yakima
Valley Mem'l Hosp. v. Dep't of Health, 654 F.3d 919, 925 n.6
(9th Cir. 2011). Rule 12(d) gives the Court "discretion to
accept and consider extrinsic materials offered in connection
with these motions, and to convert the motion to one for summary
judgment when a party has notice that the district court may
look beyond the pleadings." Hamilton Materials, Inc. v. Dow
Chem. Corp., 494 F.3d 1203, 1207 (9th Cir. 2007).

The Court must accept as true the facts as pleaded by
the nonmovant, and will construe the pleadings in the light most
favorable to the nonmoving party. U.S. ex rel. Cafasso v. Gen.
Dynamics C4 Sys., Inc., 637 F.3d 1047, 1053 (9th Cir. 2011);
Doyle v. Raley's Inc., 158 F.3d 1012, 1014 (9th Cir. 1998).
Additionally, mere conclusory statements in a complaint or
"formulaic recitation[s] of the elements of a cause of action"
are not sufficient. Twombly, 550 U.S. at 555. Thus, the Court
discounts conclusory statements, which are not entitled to a

presumption of truth, before determining whether a claim is plausible.  Iqbal, 556 U.S. at 678.  However, "dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment."  Harris, 682 F.3d at 1131 (citation omitted).

### II.  Summary Judgment

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Rule 56(a) mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Broussard v. Univ. of Cal. at Berkeley, 192 F.3d 1252, 1258 (9th Cir. 1999).

"A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact."  Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (citing Celotex, 477 U.S. at 323); see also Jespersen v. Harrah's Operating Co., 392 F.3d 1076, 1079 (9th Cir. 2004).  "When the moving party has carried its burden

under Rule 56 [(a)] its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586–87 (1986) (citation and internal quotation marks omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (stating that a party cannot "rest upon the mere allegations or denials of his pleading" in opposing summary judgment).

An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." In re Barboza, 545 F.3d 702, 707 (9th Cir. 2008) (citing Anderson, 477 U.S. at 248). When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party. Matsushita Elec. Indus. Co., 475 U.S. at 587; see also Posey v. Lake Pend Oreille Sch. Dist. No. 84, 546 F.3d 1121, 1126 (9th Cir. 2008) (stating that "the evidence of [the nonmovant] is to be believed, and all justifiable inferences are to be drawn in his favor").

### III. Special Considerations for Pro Se Litigants

Joshua is proceeding pro se. The Ninth Circuit has repeatedly cautioned that pro se litigants must be treated with

liberality.  See, e.g., Waters v. Young, 100 F.3d 1437, 1441 (9th Cir. 1996) ("As a general matter, this court has long sought to ensure that pro se litigants do not unwittingly fall victim to procedural requirements that they may, with some assistance from the court, be able to satisfy.").  Thus, when considering a motion for summary judgment against a pro se plaintiff, the Court must consider as evidence the pro se party's contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where the pro se party has attested under penalty of perjury that the contents of the motions or pleadings are true and correct.  Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004).

Nonetheless, pro se litigants must follow the same rules of procedure that govern other litigants.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  "Ignorance of court rules does not constitute excusable neglect, even if the litigant appears pro se."  Swimmer v. IRS, 811 F.2d 1343, 1345 (9th Cir. 1987).  The court is not required to provide a non-prisoner pro se litigant with notice of the summary judgment rules.  Bias v. Moynihan, 508 F.3d 1212, 1223 (9th Cir. 2007).

## DISCUSSION

Joshua alleges that Defendants violated federal and state laws by intercepting her emails and text messages without

a warrant or her consent.  Complaint at 1.  She seeks relief under 42 U.S.C. § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

"Section 1983 does not create any substantive rights, but is instead a vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials."  Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).  To prevail on her § 1983 claim against Defendants, Joshua must prove two essential elements:  (1) "that a right secured by the Constitution or laws of the United States was violated," and (2) "that the alleged violation was committed by a person acting under the color of State law."  Long v. Cty. Of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

In determining whether a private party acted under color of state law, the court will "start with the presumption that private conduct does not constitute governmental action."  Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999).  Thus, in order for private conduct to be

considered state action for purposes of a § 1983 claim, "something more must be present."  Id. (internal quotation marks omitted).  "[S]tate action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."  Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) (internal quotation marks omitted).

## I.  Judgment on the Pleadings

Joshua asks this Court to grant judgment on the pleadings in her favor, alleging that in their Answers, "Defendant's [sic] conceded the issue of not asking for consent and not having a warrant to pass on the [P]laintiff's text messages . . . ."  Pl.'s 12(c) Motion at 2-3.  Defendants counter that Joshua's motion should be denied because "(1) Plaintiff . . . failed to allege any material facts to show how Defendants should be held liable under § 1983, and (2) the facts set forth by Plaintiff are nothing more than conclusory statements and insufficient to establish liability."  Defs.' Opp. at 2 (internal quotation marks omitted).

In her Complaint, Joshua brings a § 1983 claim against Defendants, who are a private corporation and its employees. Answer § 6.  The Ninth Circuit has held that "private parties are not generally acting under color of state law, and . . .

conclusionary allegations, unsupported by facts, will be rejected as insufficient to state a claim under the Civil Rights Act." <u>Price v. State of Hawaii</u>, 939 F.2d 702, 707-08 (9th Cir. 1991).

Critically, Joshua's Complaint fails to allege any material facts showing that Defendants, in responding to the OCP's subpoenas, violated any of her rights or acted under color of state law, as required under a § 1983 claim.  Instead, Joshua's Complaint consists of recitations of various laws and legal standards; bald claims that Defendants turned over information to the OCP without first obtaining a warrant; and conclusory statements that Defendants violated Joshua's Constitutional rights and federal and state laws.

For example, Joshua simply makes reference to The Wiretap Act of 1968 (18 U.S.C. §§ 2510-2522) without pleading any specific facts.  Complaint at 1-2.  Additionally, Joshua brings a cause of action alleging that Defendants violated HRS § 711-1111 by intercepting her emails without a warrant.  <u>Id.</u> at 4.  However, HRS § 711-1111, which involves the violation of privacy in the second degree, is a criminal statute for which Joshua lacks standing to bring a claim.  <u>See</u> <u>Sailoia v. Municipal Services Bureau</u>, Civ. No. 13-00544 HG-RLP, 2014 WL 3389395 (D. Haw. July 9, 2014).

Joshua also alleges that Defendants used illegally-gathered evidence against her in a court proceeding in violation of 18 U.S.C. § 2515. Complaint at 4-5. However, this claim appears to have been brought against the wrong party, as any claim alleging improper use of evidence in Joshua's court proceeding would more appropriately be brought against non-party OCP. Similar problems exist with Joshua's reference to 18 U.S.C. § 2516, which provides the procedure for obtaining authorization for interception of electronic communications. See Complaint at 2. Again, Coral and its employees are the wrong defendants against whom to bring such a claim.

In short, none of Joshua's allegations contain sufficient factual matter to state a claim to relief that is plausible on its face.

Additionally, Defendants assert as an affirmative defense that complying with a subpoena does not constitute acting under color of state law for § 1983 purposes. Answer ¶ 20. Furthermore, Joshua has offered no material facts to suggest that Defendants' private conduct constituted "something more," sufficient to conflate that conduct with governmental action.

Finally, multiple questions of material fact remain that preclude the Court from granting judgment on the pleadings. In their Answers, Defendants deny many of the factual

allegations contained in the Complaint, or otherwise state that
they are without sufficient knowledge or information to form a
belief as to their truth or falsity, and therefore deny the
allegations on that basis.  See, e.g., id. ¶ 3.  For example,
Defendants deny Joshua's allegation that Montgomery failed to
follow the appropriate laws in place in handing over cell phone
information to the OCP.  Id. ¶ 7.  Defendants also deny that
their actions caused harm to Joshua on the basis that
intercepted emails were used against her in a court hearing.
Id. ¶ 8.  Construing the pleadings in the light most favorable
to Defendants, the Court finds that Joshua has failed to allege
facts sufficient to support a grant of judgment on the
pleadings.

For the foregoing reasons, the Court DENIES Joshua's
Motion for Judgment on the Pleadings.

## II. Summary Judgment

### a. Joshua's Motion for Summary Judgment

Joshua has also filed a Motion for Summary Judgment on
the basis that Defendants violated her civil rights under the
First, Fourth, Fifth, Ninth, and Fourteenth Amendments.  Pl.'s
MSJ at 1.  Defendants have filed a Counter Motion for Summary
Judgment, alleging that "Defendants cannot be considered state
actors for § 1983 purposes under any applicable test used by
courts to find § 1983 liability."  Defs.' MSJ at 2.

As stated above, to succeed on her § 1983 claim Joshua must prove two elements:  (1) "that a right secured by the Constitution or laws of the United States was violated," and (2) "that the alleged violation was committed by a person acting under the color of State law."  Long, 442 F.3d at 1185.

Again, Joshua has failed in her Motion for Summary Judgment to allege any material facts suggesting that Defendants, as private actors, acted under color of state law in complying with the OCP's subpoena requests.  Joshua attempts to argue that Defendants acted under color of state law "because when the State submits legal papers to commence legal documents, Mobi PCS, [sic] became an agent of the State, acting in the capacity of the State."  Pl.'s MSJ at 3.  However, in support of this contention Joshua cites only to 42 U.S.C. § 1983, which does not provide specific legal support for her argument.

Elsewhere, Joshua states that "once Mobi PCS accepted the subpoena, it became a state agent subjected to color of State Law, because of state statutes."  Pl.'s MSJ at 9.  Joshua cites to Monroe v. Pape, 365 U.S. 167 (1961), in support of this assertion.  However, it is unclear how this case supports her argument, especially since this case does not discuss facts similar to those in the instant case, i.e. a private party's response to a subpoena.

In light of the foregoing, the Court finds that Joshua has failed to prove that Defendants acted under color of state law in turning over cell phone information in response to the OCP's subpoenas.  For this reason alone, the Court must deny Joshua's Motion for Summary Judgment, as she has failed to prove an essential element of her § 1983 claim.

However, even under a liberal construction of 42 U.S.C. § 1983, Joshua has failed to allege any facts indicating Defendants deprived her of any of her rights sufficient for a grant of summary judgment.  First, Joshua asserts that Defendants have violated her First, Fourth, Fifth, Ninth, and Fourteenth Amendment rights.  Pl.'s MSJ at 1.  Specifically, Joshua asserts that the text messages Coral turned over to the OCP contained privileged communications between her and her paralegal, which she contends were protected by these Constitutional Amendments.  Id. at 2.  However, "a party asserting the attorney client privilege has the burden of establishing the relationship *and* the privileged nature of the communication."  U.S. v. Ruehle, 583 F.3d 600, 607 (9th Cir. 2009) (emphasis in original).  Joshua has alleged no facts showing that the intercepted communications were sent between her and an attorney – or whether Abordo, as her paralegal, was working under the direct supervision of an attorney – or that

the communications themselves contained a request or offer of legal advice.

Next, Joshua again alleges violation of HRS § 711-1111, which, as explained above, does not provide a private right of action. See supra Section I; see also Pl.'s MSJ at 2-3. Similarly, Joshua's claim that Defendants violated 18 U.S.C. § 2515 (prohibition of use as evidence of intercepted wire or oral communications) fails for the reasons discussed above. See supra Section I; see also Pl.'s MSJ at 2-3.

Finally, Joshua raises arguments regarding the Stored Communications Act. Pl.'s MSJ at 6-7. The Stored Communications Act "prevents 'providers' of communication services from divulging private communications to certain entities and/or individuals." Quon v. Arch Wireless Operating Co., 529 F.3d 892, 900 (9th Cir. 2008) (reversed on other grounds). Under certain circumstances, however, governmental entities may compel communication services providers to turn over information in response to properly issued warrants or subpoenas. See 18 U.S.C. § 2703. Here, whether a warrant or subpoena was required depends on such questions as the type of provider that Coral is, as well as the length of time the requested private communications had been in storage. See id.; Quon, 529 F.3d at 900. However, yet again, Joshua has failed to

articulate facts sufficient to prove her rights were violated

under the Stored Communications Act.

For all of the foregoing reasons, the Court DENIES

Joshua's Motion for Summary Judgment.

### b. Defendants' Motion for Summary Judgment

Defendants bring a Counter Motion for Summary

Judgment, alleging that the Court should grant judgment on

Joshua's § 1983 claim in their favor on the basis that

Defendants are not state actors. Defs.' MSJ at 18.

As noted above, in order for private conduct to

constitute state action, there must be "such a close nexus

between the State and the challenged action that seemingly

private behavior may be fairly treated as that of the State

itself." Brentwood, 531 U.S. at 295. Determination of whether

private action should be fairly treated as State action is a

fact-specific exercise, and the Supreme Court has articulated

numerous tests for making that determination. Id. at 295-96.

For example, the Supreme Court has held that "a challenged

activity may be state action when it results from the State's

exercise of coercive power . . . [;] when the State provides

significant encouragement, either overt or covert . . . [;] when

a private actor operates as a willful participant in joint

activity with the State or its agents . . . [;] when [the

private party] is controlled by an agency of the State . . . [;]

when [the private party] has been delegated a public function by

the State . . . [;] when [the private party] is entwined with

governmental policies . . . [;] or when government is entwined

in [the private party's] management or control." Id. at 296.

Here, Defendants interacted with the OCP for the sole

purpose of responding to five subpoenas.  Defendant Montgomery

was the only named defendant who had any interaction with the

OCP regarding the matters in the instant case, and only began

communicating with the OCP agent after the first subpoena was

issued.  His communications with the OCP consisted of a series

of email communications regarding the subpoenas and three brief

in-person meetings to sign written declarations regarding the

same.  Neither Defendant Jarvis nor Defendant Price had any

interaction with anyone from the OCP regarding the subpoenas,

and neither Defendant was even aware that the subpoenas had been

issued or responded to until well after the fact.

On these facts, the Court finds that Defendants, in

simply responding to the subpoenas, did not act in joint

activity with the State, nor were they carrying out governmental

functions or entwined in governmental policies.  There is no

evidence that the OCP provided significant encouragement to

Defendants, nor that the OCP exerted control over Defendants.

The Court notes that, while a subpoena may exert a

coercive influence, issuance of a subpoena alone does not rise

to the level of coercion necessary to deem a private party a State actor.  See Sutton, 192 F.3d at 842 (holding that "governmental compulsion alone" was not sufficient to hold a private defendant liable as a governmental actor); see also Kirtley v. Rainey, 326 F.3d 1088, 1092, 1094 (9th Cir. 2003) (recognizing "governmental compulsion or coercion" as one test used to identify state action, and explaining that "the compulsion test considers whether the coercive influence . . . of the state effectively converts a private action into a government action").

In Sutton, plaintiff, a prospective employee, brought suit against a hospital when the hospital refused to hire him because he failed to provide his social security number as required by federal law.  Sutton, 192 F.3d at 829-30.  Plaintiff claimed that his religion prevented him from providing the hospital with this information, and sued the hospital for violation of the Religious Freedom Restoration Act ("RFRA"), which provides that the "[g]overnment shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability."  Id. at 829, 834; 42 U.S.C. § 2000bb-1(a).  Noting that judicial interpretation of the phrase "acting under color of law," as used in 42 U.S.C. § 1983, applies identically in a RFRA analysis, the court canvassed Supreme Court case law on § 1983 claims to determine

when a private defendant may be held liable as a governmental

actor on a theory of governmental compulsion.  Id. at 834-43;

see also 42 U.S.C. § 2000bb-2 (defining "government" under RFRA

to include any person "acting under color of law").

The court ultimately found that, because the hospital

had simply complied with a federal law requiring it to obtain

the prospective employee's social security number, the hospital

was not acting under color of law.  Sutton, 192 F.3d at 839.

The court explained:

> Supreme Court precedent does *not* suggest
> that governmental compulsion in the form of
> a generally applicable law, without more, is
> sufficient to deem a private entity a
> governmental actor.  Instead, the plaintiff
> must establish some other nexus sufficient
> to make it fair to attribute liability to
> the private entity.  Typically, the nexus
> has consisted of participation by the state
> in an action ostensibly taken by the private
> entity, through conspiratorial agreement . .
> . , official cooperation with the private
> entity to achieve the private entity's goal
> . . . , or enforcement and ratification of
> the private entity's chosen action . . . .

Sutton, 192 F.3d at 841 (emphasis added); see also Stratton v.

Buck, 498 F. App'x 674, 676 (9th Cir. 2012) (finding that a

private doctor was not acting under color of law in providing

treatment to a patient when federal law required her to provide

such treatment); Keenan v. First Cal. Bank, 488 F. App'x 190,

194 (9th Cir. 2012) (finding private bank was not acting under

color of law when it withheld funds contained in plaintiff's

personal bank account and later transferred those funds to the Franchise Tax Board, since bank was acting pursuant to an Order to Withhold from the Franchise Tax Board and the laws of the State of California); Sykes v. Bank of Am., 723 F.3d 399, 407 (2d Cir. 2013) (finding private bank was not acting under color of law when it froze plaintiff's bank account in response to a restraining order from a state entity, and characterizing the bank's conduct as a "compulsory, mechanical action carrying the state entity's decision into effect").

Here, Coral merely complied with subpoenas issued to it by a governmental entity, and Joshua has been unable to establish any additional nexus sufficient to hold Defendants liable as State actors for this compliance.  Indeed, Joshua presents no evidence of any sort of conspiracy between Defendants and the OCP, nor is there any indication that turning over information to the OCP in response to the subpoenas was done on Defendants' own initiative or in pursuit of Defendants' personal goals.

For these reasons, the Court finds as a matter of law that Defendants did not act under color of state law, and that Joshua's § 1983 claim against Defendants consequently fails. The Court therefore GRANTS Defendants' Counter Motion for Summary Judgment on Joshua's § 1983 claim.

## CONCLUSION

For the foregoing reasons, the Court DENIES Joshua's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c), DENIES Joshua's Motion for Summary Judgment, and GRANTS Defendants' Counter Motion for Summary Judgment.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, February 25, 2016.



_____
Alan C. Kay
Sr. United States District Judge

Joshua v. Mobi PCS et al., Civ. No. 15-00311 ACK-BMK, Order Denying Plaintiff's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c), Denying Plaintiff's Motion for Summary Judgment, and Granting Defendants' Counter Motion for Summary Judgment.